**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddie Gene Cruz, | No. CV-19-05194-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 31) regarding Petitioner Freddie Gene Cruz's Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R found that Petitioner's claims were not cognizable on habeas review and were otherwise non-meritorious. (Doc. 31 at 14). It further found that an evidentiary hearing was unnecessary and recommends that the Petition be denied and dismissed with prejudice, and that no certificate of appealability be issued. (*Id.*) The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court, and fourteen days within which to file responses to any objections. (*Id.*) Petitioner filed an objection to the R&R on February 9, 2021 (Doc. 34), and Respondents filed their response to the objection on February 19, 2021 (Doc. 35).

**I.     The Petition and R&R**

Petitioner raises four grounds of relief in his Petition. In Grounds 1–3, Petitioner alleges Fourth Amendment violations, and in Ground 4, Petitioner alleges he received

ineffective assistance of counsel when his trial attorney failed to obtain an evidentiary hearing on a motion to suppress. After a thorough review of the state court record, the Magistrate Judge found that Petitioner had been afforded a full and fair opportunity to litigate his Fourth Amendment claims in state court and recommends denying federal habeas relief for Grounds 1–3. (Doc. 31). The Magistrate Judge further recommends denying relief for Petitioner's Sixth Amendment claim because Petitioner would not be able to demonstrate that had trial counsel obtained a pre-trial evidentiary hearing, the result of his trial would have been different. (*Id.*)

## II.     Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## III.    Objections

### A.     Petitioner's Fourth Amendment Claims (Grounds 1–3)

"A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). In his objection, Petitioner argues that he "never had a full and fair opportunity to litigate [his] Fourth Amendment issue before seeking federal habeas relief." (Doc. 34 at 2). The record and the R&R show otherwise. The R&R clearly describes the extensive evidentiary hearing Petitioner was afforded on his Fourth Amendment issues in his post-conviction proceedings. (Doc. 31 at 11). Petitioner did not prevail in that hearing, but had he done so, he would have been entitled to a new trial that excluded the contested evidence. Petitioner clearly takes issue with the conclusions reached by the PCR court following the evidentiary hearing, but that

is not the relevant inquiry for a federal court on habeas review. *See Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (stating that "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided") (quoting *Ortiz-Sandoval*, 81 F.3d at 899). Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court, the Magistrate Judge did not err in finding that Petitioner's Fourth Amendment claims in Ground 1–3 are not cognizable on habeas review. Petitioner's objection and arguments regarding the merits of his Fourth Amendment claims are thus overruled.

### B.  Petitioner's Sixth Amendment Claim (Ground 4)

Petitioner's generalized objection to the Magistrate Judge's conclusion that Petitioner could not establish prejudice as a result of assumed deficient performance by his trial counsel precludes *de novo* review of this claim. Petitioner's objection regarding Ground 4 simply states, contrary to the findings in the R&R, that "[i]t is clear from the record that my counsel's performance was deficient and caused prejudice to my defense." (Doc. 34 at 3). Petitioner does not articulate which findings in the R&R he takes issue with, or why. Where objections fail to identify a flaw in the R&R's analysis, they have the same effect as would a complete failure to object. *Warling v. Ryan*, 2013 WL 5276367 at *2 (D. Ariz. Sept. 19, 2013) (stating that "[b]ecause *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object"). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to Ground 4 of the R&R. *Id.*

Although the Court could simply accept the Magistrate Judge's recommendation on Ground 4 based upon this case law, it did not. The Court reviewed the Magistrate Judge's prejudice findings as well as the applicable law, and is left with the firm conviction that the Magistrate Judge's recommendation is well taken and supported by a correct application of the law. Petitioner's general objection regarding Ground 4 is thus also overruled.

…

Accordingly,

**IT IS ORDERED** that Magistrate Judge Morrissey's Report and Recommendation (Doc. 31) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of a denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 4th day of April, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge